UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ROSATI'S FRANCHISING, INC., and | ) | |
| ANTHEM WAY ROSATI'S, INC, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| VS. | ) | NO. |
| | ) | |
| FIRE IT UP. LLC, an | ) | |
| Arizona limited liability company; | ) | |
| Kevin Doukas, individually, | ) | |
| Donna Kutamia, individually, | ) | |
| and Troy Wolver, individually, | ) | |
|     Defendants. | ) | |

## VERIFIED COMPLAINT

Now comes, ROSATI'S FRANCHISING. INC. and ANTHEM WAY ROSATI'S, INC.

(hereinafter "Rosati's") by and through its attorney, Gregory J. Ellis. Esq., Ltd., and files its

Verified Complaint together with a Motion for a Temporary Restraining Order ("TRO") and

Preliminary Injunction seeking relief at law and in equity as follows:

### The Parties

1. Plaintiff, Rosati's Franchising, Inc. is an Illinois corporation doing business as a

    Franchisor under the name Rosati's Pizza with their principal place of business located in

    Elgin, Illinois. Plaintiff. Anthem Way Rosati's, Inc. was an Arizona Corporation and a

    Rosati's franchisee. Its principal place of business is Gilberts, IL. They are citizens of the

    United States of America and of Illinois. They are residents of Illinois.

2. Defendant Fire It Up, LLC, an Arizona limited liability company entered into a Rosati's

    Franchise Agreement for a Rosati's Pizza restaurant in Scottsdale, Arizona. It may be

    served with process through their registered agent. Defendants /Guarantors Kevin

    Doukas, Donna Kutamia, and Troy Wolver may be served at 3361 W. Ivanhoe Court,

Chandler, Arizona 85226. They are citizens of the United States of America and of Arizona. They are residents of Arizona.

### Jurisdiction

3. The Court has jurisdiction under 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331 and 1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. Sections 1051, et. seq. (The Lanham Act).

4. The express terms of the Franchise Agreement between the parties agrees to jurisdiction in this District Court. The Defendants specifically irrevocably submits to the exclusive jurisdiction of any state or federal court of jurisdiction located in Illinois and waives any objection Franchisee may have to either jurisdiction or venue of such Court. (Franchise Agreement. Exhibit B §16.C.)

5. The Court has jurisdiction over the unfair competition claims under 28 U.S.C. Section 1338(b) and breach of contract claims in that such claims are joined as a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §1051. et. seq. and Franchise Agreement. (Franchise Agreement. Exhibit B)

### Venue

6. Venue exists in this judicial district pursuant to 28 U.S.C. Section 1391. The causes of action asserted arose and are agreed to have proper venue in Illinois. (Franchise Agreement Exhibit B § 16.C.) Defendants are infringing Rosati's federally registered trademarks and service marks by claiming ownership of Rosati's name and marks. Therefore, venue is proper in this district.

## Background of Litigation

7. Rosati's grants franchises to qualified persons to establish and operate Pizza restaurants under a uniform system developed by it, including the right to use the federally registered proprietary marks, as well as the service marks, trade names Rosati's. All of Rosati's trademarks and service marks, including the name Rosati's, are registered in the United States Patent and Trademark Office. The trademark and service mark "Rosati's" may be found under Registration No. 1906101 (Principal Register, registered July 18, 1995 (Exhibit A). The trademark owner, Rosati's Franchise Systems, Inc. (RFSI), licensed the trademark to Rosati's Franchising, Inc. (RFI) (Rosati's) to sublicense the marks to franchisees. (Exhibit A)

8. The Rosati's marks remain in full force and effect, unrevoked and uncancelled. Rosati's has given notice that its marks are registered in the United States Patent and Trademark Office by displaying with the marks the letter "R" enclosed within a circle. (Exhibit A)

9. Since 1995, the date of the first use of Rosati's trademark the company has spent hundreds of thousands of dollars to advertise the Rosati's name and service marks. Upon information and belief, the name and marks have become identified in the minds of the general public throughout the Northern District of Illinois, Nevada, and Arizona (22 franchisees) with the products and services offered by Rosati's and its franchised chain of one-hundred twenty-four (124) restaurants. Rosati's name, trademarks and service marks enjoy an excellent reputation and constitute property of the greatest value to Rosati's. On information and belief, no goods or services bearing the name Rosati's were manufactured, distributed, or sold to the general public in Illinois prior to the first use by Rosati's in 1964. Since 1995, all goods and services lawfully manufactured, distributed,

or sold in the United States under the Rosati's name and service marks were pursuant to exclusive license from Rosati's by way of Franchise Agreements.

10. Since 1995, Rosati's licenses to individuals the right to use Rosati's names and marks in the operation of Rosati's pizza restaurants. The terms of the license granted to these individuals is governed by the Rosati's Franchise Agreement ("Agreement"), which each franchisee is required to sign before he or she can display any Rosati's registered marks. (Exhibit B, Sec. 10) Under the terms of the Agreements, the franchisee pays Rosati's a royalty of 5% of the gross sales generated from a franchisee's business, in return for the use of the Marks. Among other things, the Agreement requires franchisees to operate pizzerias in accordance with certain rules and quality standards in order to protect the quality and integrity of the Marks.

Defendant's Unauthorized Use of Rosati's Mark

11. As licensor of federal trademark and service mark registrations, RFSI and Rosati's has sole and exclusive use of the Rosati's names and marks and grants licenses to franchisees to use the marks.

12. Defendants entered into a Franchise Agreement 10 months ago on May 5, 2014. The Franchise Agreement registered with the State of Illinois is attached as Exhibit B. Defendant operated Rosati's Pizza a franchise for less than eight (8) months at 10855 N. 16th Street, #1405, Scottsdale, Arizona 85258 (the Scottsdale restaurant). Fire It Up, LLC was the franchisee and the individual defendants are personal guarantors. (Exhibit D to Franchise Agreement, Exhibit B)

13. The Recitals and Section 10 of the Franchise Agreement grants Defendants use of the Rosati's trade name and service marks solely at the Scottsdale location for a pick-up and

delivery restaurant as long as the Franchise Agreement is in good standing and not terminated for any reason.

14. Section 10.E. states:

> E. Ownership of the Marks. Franchisee acknowledges the Company's prior rights in and to the Marks and that Franchisee's rights to use the Marks is derived solely from this Agreement, does not give franchisee any ownership interest therein, and is limited to the conduct of Franchisee's business pursuant to and in compliance with this Agreement and all applicable specifications, standards and operating procedures prescribed by the Company from time to time during the term of this Agreement. Any unauthorized use of the Marks shall constitute an infringement of the rights of the Company in and to the Marks. Franchisee agrees that all usage of the Marks by Franchisee and any goodwill established thereby shall inure to the exclusive benefit of the Company, and Franchisee acknowledges that this Agreement does not confer any goodwill or other interests in the Marks upon the Franchisee.

15. At the same time the Defendants were provided a copy of the Franchise Agreement which was part of the Rosati's Franchise Disclosure Document (FDD) Defendants entered into a contract to purchase an existing Rosati's Pizza restaurant in Scottsdale. This was the same location to be covered by the Franchise Agreement referred to above. (Exhibit B)

16. The FDD explains the ownership of the Rosati's trademarks. Clearly, no franchisee ever obtains ownership rights in the Rosati's marks. They simply are granted a license to use the marks while they are a franchisee.

17. The Rosati's franchisee owner and Seller of the existing Scottsdale Rosati's restaurant was Plaintiff, Anthem Way Rosati's Inc., an Arizona Corporation. (Exhibit C) they were selling their pizza pick-up and delivery location.

18. Defendants maintain that this Rosati's franchisee sold them the Rosati's trade name and all Rosati's trademark rights. A franchisee cannot sell what it does not own. Defendants purchased an existing franchised business and the use of the name Rosati's through the Franchise Agreement at the May 5, 2014 simultaneous closing. (Exhibit B)

19. The claim is a blatant false statement of fact and law. The Anthem Way Rosati's, Inc. franchisee possessed only a Trademark license through its Franchise Agreement to use Rosati's marks through a license with Rosati's its franchisor who itself is just a licensee from the Trademark owner RFSI.

20. On February 26, 2015 Defendants counsel made a direct Cease and Desist Demand that Plaintiff. Rosati's stop using its Rosati's trade name and trademarks throughout its entire franchise system.

> Please note that my client asserts its ownership rights in the Rosati's trade name and associated trademarks that were transferred to my client in the Bill of Sale and Demands that your client cease and desist using the trade name and trademarks at this time.

21. Defendants' false statements infringe on Rosati's trademark rights to operate a franchise company free from interference from Defendants' false claims and Demands.

22. The contract between Defendants and the Rosati's franchisee does not grant ownership to the Rosati's trademark rights, or any others. The three (3) page fill in the blanks. Business Broker form indicates the ongoing business will continue as "Rosati's" (¶ 3). A Rosati's representative was at the simultaneous closing for the existing franchisee and the execution of the new Franchise Agreement with Defendants on May 5, 2014. The Bills of Sale for the existing franchised business does not and could not transfer ownership of the Rosati's name and Marks. the contract for the existing franchise and the new Franchise Agreement make it clear that the Defendants are buying an existing business and a right to use –not own- the Rosati's marks for $55,000.00. Rosati's have been in business since 1964 their marks and goodwill as a franchise company are worth millions of dollars.

23. Defendants opened for business in May 2014. They never assumed the lease as required by the Contract. (Exhibit C) In August they had a buyer for $30,000.00 more than they paid for it ($55,000.00). By December 2014, the Defendants were locked out of the business premises by their landlord for non-payment of rent.

24. In December 2014 Defendants owed money to Rosati's for royalties and advertising fees. They reported revenues to Rosati's of upwards of $40,000.00/month from its pick-up and delivery location.

25. The Defendants vacated the Rosati's business location in December, 2014 without Notice to Rosati's. Abandoning the Franchised business without Notice is grounds for termination of the Franchise Agreement (Franchise Agreement §13.B.3.) consequently, Rosati's sent a termination notice to Defendants on February 12, 2015. (Exhibit E)

26. Defendants are no longer franchisees of Rosati's. The Franchise Agreement was terminated on February 12, 2015 and Defendants have not been granted a new license or authorization to use the Rosati's trademarks, service marks, or the accumulated goodwill of Rosati's. (Exhibit D and E)

27. Together with Defendants' assertion that they alone own the Rosati's trade name and trademarks, they maintain that Defendants are going to open up a new pizza restaurant and call it "Rosati's". Defendants' counsel stated on February 26, 2015:

> "[Fire It Up, LLC] is seeking a new location and will re-open under the Rosati's trade name he acquired."

28. Defendants have had actual and constructive notice of Rosati's ownership and exclusive rights in and to the name and marks pursuant to 15 U.S.C., Section 1072. Defendants have been notified of the termination and have been warned about trademark infringement of Rosati's in the past and were warned to cease and desist by letter dated March 13, 2015. (Exhibit D)

29. Defendants' continuing unauthorized use and claim to ownership of the Rosati's names and marks will cause and is likely to cause confusion in the trade, among franchisees, among consumers, and the general public. Defendants' infringement and false claims will lead prospective purchasers to believe that Defendants own the Rosati's marks or Defendant's planned pizza restaurant, goods, and services are sponsored by or associated with Rosati's or otherwise affiliated with the Rosati's Franchise System even though they are not.

30. The Franchise Agreement was terminated on February 12, 2015 for the improper abandonment of the business. Defendants were ordered to cease and desist the violation of the trademark and the Non-Compete clause by letter dated March 13, 2015. (Exhibit E).

31. The Franchise Agreement at ¶14.A. prohibits the use of the Rosati's name after termination it states:

14.A. Rights and Duties Upon Termination or Expiration. Upon termination or expiration of this Agreement, all of Franchisee's rights hereunder shall terminate. Franchisee shall forthwith discontinue use of the Rosati's Marks, Rosati's System, and all trade names, trademarks, service marks, trade dress, signs, colors, structures, interior and exterior décor, business methods, confidential information, printed goods and forms of advertising indicative of the Franchised Business.

## COUNT I

### (Trademark Infringement in Violation of the Lanham Act)

32. Rosati's realleges and incorporates by reference Paragraph 1 through 31 above, inclusive as Paragraph 32 of this claim.

33. Defendants' aforesaid acts, claims of ownership and conduct constitute a use in interstate commerce of a reproduction, counterfeit, copy or colorable imitation of Rosati's registered name and marks and Defendants' claims to ownership of the identical Rosati's marks are likely to cause confusion or mistake and to deceive the public, in violation of 15 U.S.C. Section 1114(1).

34. By their actions, Defendants have falsely claimed ownership, used, and continues to use the trade name and service marks and registered marks in commerce without the authority of Rosati's. Through Defendants' false claims of ownership and use of the name Rosati's there is a strong likelihood that it will cause confusion, mistake, and deception in the minds of the Rosati's franchisees and the general public. Defendants have infringed and continues to infringe upon the Rosati's name and marks in commerce in violation of the Trademark Laws of the United States, including Lanham Act. 15 U.S.C. §1051, et. seq.

35. Defendants' claim to ownership of the Rosati's trademarks and use of the trade name Rosati's is identical and confusing to their former authorized registered mark of Rosati's. Defendants are wrongfully trading on the goodwill of Rosati's registered trademarks.

36. As a direct and proximate result of the aforesaid acts, practices and conduct, Rosati's has been or is likely to be substantially injured in its business, including its reputation, resulting in lost revenues and profits and diminished goodwill and reputation.

37. Rosati's has no adequate remedy at law because its aforesaid registered trademark and service mark are unique to Rosati's and represent to the general public Rosati's identity.

reputation, and goodwill, such that damages alone cannot fully compensate Rosati's for Defendants' misconduct.

38. Unless enjoined by the Court, Defendants will continue to use and infringe Rosati's registered marks to Rosati's irreparable injury. This threat of future injury to Rosati's business, identity, goodwill and reputation requires injunctive relief to prevent Defendants' continued use and infringement of Rosati's registered marks and to ameliorate and mitigate Rosati's injury.

39. By reason of the forgoing, Rosati's has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. Sections 1116 and 1117, including but not limited to, injunctive relief, an award of three times the profits as damages, and attorney's fees.

## COUNT II

### (False Advertising in Violation of Federal Law)

40. Rosati's repeats and realleges by reference Paragraphs 1 through 31 above inclusive, as Paragraph 40 of this Count II.

41. The Defendants' false claim of trademark ownership is a use in commerce of a false designation of origin and/or a false description or representation, including words, or symbols intending falsely to describe or represent services and products of the Defendants. Such use has misled the general public into believing that Defendants' were licensed by Rosati's, or in some way sanctioned or affiliated with Rosati's when there is no longer an association.

42. By claiming ownership of Rosati's names and marks, Defendant have violated the Lanham Act Section 43(a) (15 U.S.C. §1125(a)). Such wrongful conduct may deprive

Rosati's of revenue to which it is entitled. By reason of the foregoing, Rosati's has been injured in an amount not yet ascertained.

## COUNT III

### Unfair Competition in Violation of the Lanham Act)

43. Rosati's repeats and realleges by reference Paragraphs 1 through 31 above, inclusive, as Paragraph 43 of this Count III.

44. Defendants' wrongful claim of ownership of Rosati's marks and of Rosati's name constitutes unfair competition and an infringement of Rosati's common law and statutory rights in its trade names and service marks. Defendants engaged in the aforementioned conduct with the intent to deceive the general public and defraud the general public in violation of 15 U.S.C. Section 1125(a).

45. Defendants' acts, practices and conduct constitute unfair competition, false designation, description or representation, false advertising, and/or unfair and deceptive trade practices in that they are likely to cause confusion and mistake by Rosati's customers, Rosati's franchisees, its suppliers, and the general public, in violation of 15 U.S.C. Section 1125(a).

46. As a direct and proximate result of the aforesaid acts, practices and conduct, Rosati's has been or is likely to be substantially injured in its business, including its reputation, resulting in lost revenues and profits and diminished goodwill and reputation.

47. Rosati's has no adequate remedy at law because its marks are unique and represent to the general public Rosati's identity, reputation, and goodwill, such that damages alone cannot compensate Rosati's for Defendants' misconduct.

48. Unless enjoined by the Court Defendants' will continue to make false descriptions or representations of ownership and to use and infringe on Rosati's names and marks to Rosati's irreparable injury. This threat of future injury to Rosati's business, identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued false descriptions or representations and use the Rosati's registered marks and to ameliorate and mitigate Rosati's injury.

### COUNT IV

### (Breach of Franchise Agreement)

49. Plaintiff repeats and realleges by reference Paragraphs 1 through 31 above, inclusive, as Paragraph 49 of this Count IV.

50. The Defendants owe $8,500.00 in royalties and fees under the Franchise Agreement. (Exhibit B)

### COUNT V

### (Deceptive Trade Practice Act)

51. Rosati's repeats and realleges by reference Paragraphs 1 through 31 above, inclusive, as Paragraph 51 of this Count V.

52. Defendants' aforesaid acts, practices, in claiming ownership of Rosati's marks and conduct are likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of its goods and services as those of Rosati's and constitutes a deceptive trade practice in violation of the Illinois Deceptive Trade Practices Act (815 ILCS 510/2).

53. As a direct and proximate result of the aforesaid acts, practices and conduct, Plaintiff has been or is likely to be substantially injured in its business, including its reputation, resulting in lost revenues and profits and diminished goodwill and reputation.

54. Plaintiff has no adequate remedy at law in that its name and marks are unique and represent to the general public Plaintiff's identity, reputation and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

55. Unless enjoined by the Court, Defendants will continue to engage in deceptive trade practices to Plaintiff's irreparable injury. This threat of future injury to the general public and to Rosati's business, identity, goodwill and reputation requires injunctive relief to prevent Defendant's continued false descriptions or representations and use and infringement of Rosati's registered name and marks and to ameliorate and mitigate Plaintiff's injury.

## COUNT VI

### (Consumer Fraud and Deceptive Business Practices)

56. Rosati's repeats and realleges by reference Paragraphs 1 through 31 above, inclusive, as Paragraph 56 of this Count VI.

57. Defendants' aforesaid acts, practices and conduct constitute unfair and deceptive trade practices and consumer fraud in violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, et. seq (2009).

58. As a direct and proximate result of the aforesaid acts, practices and conduct, Plaintiff has been or is likely to be substantially injured in its business, including its reputation, resulting in lost revenues and profits and diminished goodwill and reputation.

59. Plaintiff has no adequate remedy at law in that its name and marks are are unique and represent to the general public Plaintiff's identity, reputation and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

60. Unless enjoined by the Court, Defendants will continue to engage in deceptive trade practices to Plaintiff's irreparable injury. This threat of future injury to the general public and to Plaintiff's business, identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued false descriptions or representations and use and infringement of Plaintiff's registered name and marks and to ameliorate and mitigate Plaintiff's injury.

## COUNT VII

### (Common Law Unfair Competition)

61. Rosati's repeats and realleges by reference Paragraphs 1 through 31 above, inclusive, as Paragraph 61 of this Count VII.

62. Defendants' aforesaid acts, practices and conduct are likely to cause confusion or mistake by Plaintiff's customers, franchisees, suppliers, and the general public and constitute common law unfair competition.

63. As a direct and proximate result of the aforesaid acts, practices and conduct, Plaintiff has been or is likely to be substantially injured in its business, including its reputation, resulting in lost revenues and profits and diminished goodwill and reputation.

64. Plaintiff has no adequate remedy at law in that its name and marks are unique and represent to the general public Plaintiff's identity, reputation and goodwill, such that damages alone cannot fully compensate Rosati's for Defendants misconduct of trademark infringement.

65. Unless enjoined by the Court. Defendants will continue to engage in unfair trade practices and unfair competition to Plaintiff's irreparable injury. This threat of future injury to the general public and to Plaintiff's business, identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued false descriptions or representations and use and infringement of Rosati's registered name and marks and to ameliorate and mitigate Plaintiff's injury.

## COUNT VIII

### (Injunctive Relief)

66. Rosati's repeats and realleges by reference Paragraphs 1 through 31 above, inclusive, as Paragraph 66 of this Count VIII

67. By reason of Defendants' aforesaid acts, Rosati's has suffered, and will continue to suffer, damages to its business, reputation, and goodwill. Rosati's owes a duty to approximately one-hundred twenty-four (124) franchisees and with restaurants throughout the Chicago area, Nevada, and in Arizona to protect them from any unauthorized use of Rosati's proprietary marks. These franchisees who have signed Franchise Agreements with Plaintiff in which Plaintiff agreed to develop, promote, and protect its name and marks will suffer if Plaintiff was unable to protect its proprietary marks. The loss of goodwill toward these innocent franchisees and the loss of the goodwill with the public in general cannot be calculated.

68. Defendants continue to do the acts complained of by the Plaintiff, and unless enjoined by the Court. Defendants will continue to do so. to Plaintiff's irreparable damage. The harm to Defendants of ceasing their activities is not sufficient to justify the damage to Plaintiff of allowing it to continue. There is a strong possibility that Plaintiff will prevail on the

merits of this case. Furthermore, it would be impossible to ascertain the amount of compensation which would afford Plaintiff adequate relief for Defendants' acts. Therefore, Plaintiff's remedy at law is not adequate to compensate it for injuries. (15 U.S.C. §1125)

69. Pursuant to U.S.C. Section 1116 and 118, Plaintiff seeks an expedited hearing and the issuance by the Court, following such hearing, of a temporary and permanent injunction seeking the following relief:

    a.  Ordering Defendants to cease claiming ownership and using any names, marks, any kind which are identified or associated with the Rosati's Franchise System:

    b.  Ordering Defendants to cease making any representation of ownership of Rosati's marks;

## COUNT IX

### (Declaratory Judgment for Plaintiff Antham Way Rosati's, Inc.

70. Plaintiff, Antham Way Rosati's, Inc. ("Antham Way") repeats and realleges by reference Paragraphs 1 through 31 above, as Paragraph 70 of this Count IX.

71. Declaratory Judgments are appropriate where a person interested under a written contract or whose rights, status, or other legal relations are affected by a contract may have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status or other legal relations thereunder.

72. Here Defendants maintain that the contract for the purchase of an existing ongoing business sold the rights of the Franchisor. (Exhibit C)

73. Antham Way did not own the trade name and/or the Trademark rights to "Rosati's Pizza". Antham Way had a license to use the Rosati's marks through a Franchise Agreement. (See Exhibit B)

74. Defendants entered into identical Franchise Agreement on May 5, 2014, the date of the closing for Antham Way's business.

75. This is a live dispute between the parties because of the Rosati's trade name and trademark rights.

76. Through this action Plaintiff Antham Way seeks to have the court interpret the trademark rights if any transferred to Defendants by licensee Antham Way and the transfer of equipment set forth in the transfer contract. (Exhibit C)

## COUNT X

### (Attorney's Fees)

77. Rosati's repeats and realleges by reference herein Paragraphs 1 through 31 above, inclusive, as Paragraph 77 of this Count X.

78. Rosati's seeks to recover the cost of enforcement of this legal action as allowed by 15 U.S.C. Section 1117(a). Plaintiff is entitled to recovery of its costs of enforcement because Defendants' infringement is willful. This case is therefore exceptional. Defendants'' willful infringement has required Plaintiff to employ legal counsel to file this action. Therefore, Defendants are liable to Plaintiff for all reasonable attorney's fees and other expenses incurred in this action. Further, attorney's fees are authorized by ¶16.D. of the Franchise Agreement. (Exhibit B)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. A temporary restraining order. a preliminary injunction, and a permanent injunction enjoining and restraining Defendants and those persons in active concert or participation with them from:

    a. Claiming to own any Rosati's marks and using any names or marks which are identified or associated with the Rosati's Franchise System;

    b. Directly or indirectly using the name Rosati's or any Name or Marks which are likely to cause confusion or mistake or to deceive including the phrase "formerly Rosati's"

    c. Otherwise infringing on Rosati's name and marks by incorporating the terms Rosati's or any confusingly similar terms, alone or in combination with any other words, symbols or designs;

    d. Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with Rosati's or the Rosati's System; and

    e. Otherwise unfairly competing with Rosati's in any manner.

B. That Defendants be directed to file with the Court and to serve on Rosati's within two (2) days after entry of any injunctive order, a written report, under oath, setting forth the manner in which they have complied with the injunction.

C. An award from Defendants of three (3) times the damages to Rosati's goodwill, business. name and mark resulting from Defendants' use of the name and mark since the time the Defendants began their infringing use.

D. An Award of the outstanding balance of the royalties and ad fees due and owing under the Franchise Agreement.

E. A declaratory judgment offering the Court's interpretation of the transfer of assets including trademark and equipment rights through. (Exhibits B and C)

F. An award of punitive damages from Defendants of at least One Hundred Thousand Dollars ($100,000.00) for willful and wanton acts.

G. An Award from Defendants of the attorney's fees, expenses, and costs Rosati's incurred in this action.

H. Such other further and different relief as the Court deems just and appropriate.

ROSATI'S FRANCHISING, INC. and
ANTHEM WAY ROSATI'S, INC.

By: _____
One of their attorneys

Date: March 12, 2015

Gregory J. Ellis, Esq., Ltd.
5 Covered Bridge Road
South Barrington, IL 60010
847-757-7999
Email: gregellisesq@gmail.com
Attorney # 3127073

## VERIFICATION

I, Anthony Rosati, being first duly sworn on oath, depose and state as follows:

4.  I am the Director and Vice President of Rosati's Franchising, Inc.

5.  I am authorized to make this Verification on behalf of Rosati's and

6.  I have read the allegations of this Verified Complaint for Injunctive Relief and find
    that the facts stated therein are true and correct, except to those matters alleged on
    information and belief, which, to the best of my knowledge, information and belief,
    are true and correct.

Anthony Rosati

Subscribed and sworn to before me

this __13th__ day of March, 2015

Notary Public

OFFICIAL SEAL
DARREN L SCHMITT
Notary Public - State of Illinois
My Commission Expires Aug 17, 2015

## VERIFICATION

I, David Naskrent, being first duly sworn on oath, depose and state as follows:

1.  I am the Director of Anthem Way Rosati's, Inc.

2.  I am authorized to make this Verification on behalf of Anthem Way Rosati's, Inc. and

3.  I have read the allegations of this Verified Complaint for Injunctive Relief and

    declaratory judgment find that the facts stated therein are true and correct, except to

    those matters alleged on information and belief, which, to the best of my knowledge,

    information and belief, are true and correct.

_____
David Naskrent

Subscribed and sworn to before me

this ___13th___ day of March, 2015

_____
Notary Public

OFFICIAL SEAL
DARREN L SCHMITT
Notary Public - State of Illinois
My Commission Expires Aug 17, 2015